## County of Crawford *versus* City of Meadville.

Under the provisions of Acts of Assembly and the Constitution of
1874, the expenses of the city and ward elections held annually in Febru-
ary in the city of Meadville are payable by the city of Meadville, and not
by the county of Crawford.

November 29th 1882.   Before SHARSWOOD, C. J., MERCUR,
GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Crawford county:*
Of July Term 1882, No. 52.

Case stated, dated March 20th 1882, wherein the city of
Meadville was plaintiff and the county of Crawford defendant,
as follows:—

"The city of Meadville, under an agreement with the coun-
ty of Crawford, paid the expenses of the last February city and
ward elections held in the city of Meadville, amounting to the
sum of $88.71.   The city of Meadville claimed that the county
of Crawford, is, under the laws now in force in the state of
Pennsylvania, legally liable for the expenses of the city, ward,
borough, and township elections in said county, and it was
agreed that if such should be the fact, then the said county,
would repay to the plaintiff the said sum so by it paid as afore-
said.

"Now, therefore, if the court be of the opinion that the
county of Crawford is liable for the expenses of said city, ward,
borough and township elections, then judgment to be entered
in favor of the plaintiff for the sum of $88.71 and costs.   But
if not, judgment to be entered for the defendant with costs.
Either party reserving the right to sue out a writ of error there-
to."

The court (CHURCH, P. J.) filed the following opinion and
judgment:—

This case was submitted without argument and with but a
brief of certain isolated Acts of Assembly.   I do not know that
I have arrived at the true issue between the parties, but if I
have so arrived, I draw conclusions as follows: By Act 2d July,
1839, section 59, assessors are allowed compensation for attend-
ing all general, special and township elections.   By Act 13th

[County of Crawford *v.* City of Meadville.]

June, 1840, section 12, compensation shall be such as the county commissioners shall deem just and reasonable, computing their services as for making assessments. By Act 13th June, 1840, section 11, constables of wards, boroughs, and townships are allowed compensation for advertising elections and for delivering certificates of election, and for attending elections, general, special and township.

By Act 2d July, 1839, section 92, the judges, inspectors, and clerks are entitled to compensation for conducting general, special, and township elections.

By Act 13th June, 1840, section 10, the return judges are entitled to compensation as mileage for making returns of the township elections.

By each and all of the above recited Acts it is provided that the above defined compensations shall be paid by the treasurer of the proper county upon the order of the county commissioners.

By Act of 30th January, 1874, section 22, the county commissioners are required to procure and furnish at the expense of the county, the necessary blanks for the use of the election officers of the respective districts; and shall pay all necessary expenses for lights, rents, fuel and stationery, on bills certified by the election officers; and by the 23d section of the same Act, elections for city, ward, borough and township officers are to be regulated and conducted in like manner as general elections; and by the Act of 8th May, 1876, section 1, the commissioners are authorized and empowered to fix and settle the compensation for lights, rents, and fuel for election purposes at least once every three years by resolutions to be duly entered upon the minutes of the commissioners.

The Constitution provides that " The general elections shall be held annually on the Tuesday next following the first Monday of November," and that " all elections for city, ward, borough and township officers for regular terms of service shall be held on the third Tuesday of February." The Constitution also provides that " All laws regulating the holding of elections by the citizens, shall be uniform throughout the state."

In answer to the claim that all expenses for holding all city, ward, borough and township elections are to be paid by the county as provided in the hereinabove recited Acts of Assembly, there is interposed the second section of an Act of Assembly approved 9th April, 1844, which reads as follows : " The expenses ot the borough and township elections of the county of Crawford, held in March, annually, shall be paid by the borough and townships respectively."

Inasmuch, however, as the case stated does not show that any of the borough or township elections of the county of Craw-

[County of Crawford *v.* City of Meadville.]

ford are "held in March annually," and in point of fact under our present Constitution, all city, ward, borough and township elections are required to be held in February, and at no other time, it is manifest that this Act of 9th April, 1844, does not repeal the Acts of 1839 and of 1840 above cited, nor does it modify or restrain any provisions therein contained, so far at least as the elections described in the case stated are concerned. Nor could said Act under any circumstances be held to apply to city and ward elections no matter when held. It will be noticed that the Act does not in terms pretend to provide for the payment by the townships and boroughs of the expenses of the elections when township officers are to be elected, as provided by the various laws in force on the subject, but simply when borough and township elections are "held in March annually." Therefore if no elections are held or to be held in borough and townships "in March annually" there are no expenses to be paid by boroughs or townships. It follows, therefore, that all city, ward, borough and township elections which are now constitutionally fixed and established to be held in February (whereas, prior to the year 1874, there was no constitutional provision on the subject of such elections) must be regulated, governed, and their expenses paid for according to the provisions of the general election laws, which includes all such city, ward, borough and township elections which were thereafter to be fixed by law or constitutional enactment. I am, therefore, clearly of the opinion that the Act of 9th April, 1844, section 2, does not apply to city, ward, borough and township elections in the county of Crawford as the same are now fixed and established by law.

Judgment is therefore entered on the case stated in favor of plaintiff, the city of Meadville, and against the defendant, the county of Crawford, for eighty-eight and seventy one-hundredths dollars and costs.

The county of Crawford took this writ of error, assigning for error the entry of judgment for the plaintiff on the case stated.

*William R. Bole* (with him *James W. Smith*), for the plaintiff in error.

(No counsel appeared contra.)

Mr. Justice PAXSON delivered the opinion of the court, December 30th 1882.

This was a case stated and the only question it presents is, whether the county of Crawford is liable for the expenses of the city, ward, borough and township elections held in the month of February in each year.

The second section of the Act of 9th April 1844, P. L. 220, provides that "The expenses of the borough and township elec-

tions, of the county of Crawford, held in March annually, shall be paid by the borough and townships respectively."

This Act has not been repealed. It was urged, however, that inasmuch as the time for holding the election has been changed from March to February the Act no longer applies. We cannot assent to this view. The only object of the Act of 1844 was to impose the costs of such elections upon the municipalities in which they were held. The reference in the Act to the time of holding the elections was descriptive merely, and might have been omitted without impairing its force. Nor do we see any merit in the further objection that the Act makes no reference to city elections. Meadville was not incorporated as a city when the Act of 1844 was passed, and the only municipal elections held in Crawford county at that time were borough and township elections. The Act so plainly contemplates all municipal elections, that we are constrained to hold that city elections are within its spirit. It would be a narrow construction of the Act of 1844 to say that while Meadville as a borough was liable to pay its election expenses, yet when incorporated as a city such expenses should be thrown upon the county.

Further discussion of the subject is unnecessary.

> The judgment is reversed and judgment is now entered in favor of the county of Crawford upon the case stated.